IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MILTON EDGAR HANSEN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-09-CV-166-KC |
| | § | |
| M. TRAVIS BRAGG, Warden, | § | |
| FCI La Tuna, | § | |
|     Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Plaintiff Milton Edgar Hansen's *pro se* civil rights complaint. Therein, Hansen, a prisoner at the Federal Correctional Institution - La Tuna, alleges Defendant M. Travis Bragg, the Warden at the Anthony, Texas facility, has violated his constitutional rights through his deliberate indifference to his reasonable request for dentures.[1] Hansen claims his lack of teeth denies him the opportunity to properly chew and digest his food.[2] Hansen asks the Court to order the Bureau of Prisons to provide him with a set of dentures. Also before the Court is Bragg's motion to dismiss or, in the alternative, motion for summary judgment. In his motion, Bragg maintains Hansen fails to state a claim on which relief may be granted.

On December 9, 2009, the United States Magistrate Judge to whom this matter was

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court pursuant to 28 U.S.C. § 1331, the statute that provides for federal question jurisdiction. A *Bivens* action is analogous to a 42 U.S.C. § 1983 action. The only difference is that § 1983 applies to constitutional violations by state, rather than federal, officials. *Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993).

[2] Hanson's dental records indicate a dentist extracted his teeth approximately one and one-half years before his incarceration. They further indicate he is on a waiting list for dentures. *See* Rep. & Rec. of Magis. J. 3 [Doc. No. 16].

referred issued a report and recommendation.[3]  In his report, the Magistrate Judge recommends that the Court to grant Bragg's motion.  He reasons Hanson has not alleged that Bragg was deliberately indifferent to a serious medical need,[4] but rather to a request for dentures.[5]  He explains Hanson has not identified any specific act or omission by Bragg which would constitute deliberate indifference.[6]  He adds "[e]ven viewed in the light most favorable to Plaintiff, the court finds that the record could not lead a rational trier of fact to find that Plaintiff had a serious medical need for dentures."[7]  Moreover, the Magistrate Judge finds Bragg is entitled to qualified immunity from individual liability because Hansen has failed to allege a violation of a clearly established constitutional right.[8]  Finally, he notes injunctive relief is not available from an official in his individual capacity regarding acts which could only be performed by an official

---

[3] *See* 28 U.S.C.A § 636(b)(1)(B) (West 2009) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation).

[4] To establish an Eighth Amendment civil rights claim based on the denial of medical care, a prisoner must allege a defendant was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).  A defendant is liable for deliberate indifference only if he knows an inmate faces a substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  Unsuccessful medical treatments, acts of negligence or medical malpractice, and disagreements as to diagnosis or treatments do not constitute deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).  A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required. *Hill v. Dekalb Youth Detention Center*, 40 F.3d 1176, 1187 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002).

[5] Rep. & Rec. of Magis. J. 9-10 [Doc. No. 16].

[6] *Id*. at 11.

[7] *Id.* at 16.

[8] *Id*. at 18.

acting his an official capacity.[9] To date, Hansen has not filed objections to the report.[10]

After independently examining the record for plain error,[11] the Court finds the Magistrate Judge's proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[12] Accordingly, the Court enters the following orders:

1. The Court hereby **APPROVES** and **ADOPTS** the Magistrate Judge's report and recommendation.

2. The Court **GRANTS** Defendant M. Travis Bragg's motion to dismiss or, in the alternative, motion for summary judgment.

3. The Court **DISMISSES WITH PREJUDICE** Plaintiff Milton Edgar Hansen's

---

[9] *Id*. at 8 (quoting *Bivens*, 403 U.S. at 410 (Harlan, J., concurring) ("However desirable a direct remedy against the Government might be as a substitute for individual official liability, the sovereign still remains immune to suit.")).

[10] Any party may contest a magistrate judge's report by filing written objections within ten days of being served with a copy of the report. 28 U.S.C.A. § 636(b)(1)(C). A district court "shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." *Id*. A party waives this entitlement by failing to timely object to the report. *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988). Additionally, the Local Court Rules for the Western District of Texas require that the "written objections . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Tex. W.D. LCVR 4(b) at App. C ("Assignment of Duties to United States Magistrate Judges"). Finally, a district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

[11] *See Morin* v. *Moore*, 309 F.3d 316, 320 (5th Cir. 2002) (stating that a litigant's failure to file written objections to magistrate judge's report within ten days of service mandates plain-error review on appeal); *United States* v. *Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000) ("A party who fails to file written objections to a magistrate judge's proposed findings and recommendations waives the objection, and on appeal we will review the issue for plain error only."); *Douglass* v. *United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (explaining that a party who fails to file written objections timely to the findings of fact and conclusions of law in a magistrate judge's report shall be barred from appealing the factual findings and legal conclusions adopted by the district court, except in cases of plain error.).

[12] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

*pro se* civil rights complaint for failure to state a claim on which relief may be granted.

4. The Court **DENIES** all pending motions, if any, as **MOOT**.

5. The Court **ADVISES** Plaintiff Milton Edgar Hansen that this dismissal counts as a "**STRIKE**" pursuant to 28 U.S.C. § 1915.[13] The Clerk will therefore provide a copy of this Order to the District Clerk for the Eastern District of Texas, Tyler Division, Attention: Three Strikes Manager, 211 West Ferguson, Tyler, Texas 75702. *Should Hansen accumulate three strikes, he may be denied* in forma pauperis *status, and required to pay the full filing fee, when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.*[14]

**SO ORDERED.**

**SIGNED** this 12th **day of January 2010.**

*[signature: Kathleen Cardone]*
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[13] *See* 28 U.S.C. § 1915(g) (West 2009) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.")

[14] *See id.*